WOODY *v.* BERNARD.

Opinion delivered October 26, 1901.

MINES AND MINING—LABOR AND IMPROVEMENTS.—Under Rev. Stat. U. S., § 2324, providing that "the miners of each mining district may make regulations not in conflict with the laws of the United States, * * * subject to the following requirements: * * * On each claim located after the 10th of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year," a regulation of a local mining association that twenty days' labor on a mining claim shall be counted as worth $100 is void.

Appeal from Newton Circuit Court.

E. G. MITCHELL, Judge.

*Appellants, pro se.*

The local law is binding, unless it conflicts with section 2324, Rev. Stat. U. S. There is no statute in Arkansas upon the subject. *Cf.* 15 Am. & Eng. Enc. Law, 559; 7 Fed. 336.

*Crump & Bailey,* for appellees.

Any rule, regulation or custom which attempts to make the manual labor on a mining claim less than $100 in actual value is void. Rev. Stat. U. S. § 2324; Morrison's Min. Rights (10th Ed.), 86, 6; Barr. & Ad. Mines, 267, 274; 7 Col. 443; 6 Sawy. 299; S. C. 22 Meyer's Fed. Dec. 645, § 113; 97 Fed. 386.

BUNN, C. J. The appellants on the 22d of February, 1897, located a mining claim, under the laws of the United States, on the land in controversy, the same being land of the United States. In 1898, appellants, in order to comply with the laws, and thus acquire title to said lands, performed twenty days' labor on said claim for the purpose of developing the same. In June, 1899, appellees, claiming to have purchased the interest of Murray & Sparks, former locators, took possession of the lands without the knowledge or consent of appellants, and commenced work thereon, and in July of the same year re-located the same, and subsequently made application for patents for the same. The appellants protested

against the issuance of the patent, and brought this suit for possession. It was contended by appellants in the circuit court that they were allowed, under the mining laws, until the end of the year 1898 in which to make their assessment work, and that twenty days' work was equal to one hundred dollars' worth of work. This was denied by appellees, who contended that twenty days' work was not sufficient, and that the location of appellants expired at the end of the year 1898, and that the land was afterwards subject to relocation, and that they had re-located, as they had a right to do, by posting their location notice in June, 1899. Whether the claim of Murray & Sparks had been abandoned does not appear to have been a matter of controversy, and seems not to have been considered important, to determine the question at issue.

Verdict and judgment for defendants, and plaintiffs appealed to this court.

The testimony shows that the miners of Newton county had organized a "miners' association," which association had established rules and regulations, or, as the appellants say, had "enacted laws" to govern the amount of work necessary to hold a mining claim, and to fix the price of labor per day, as follows: "Section 8. In doing all assessment work in this district there shall be allowed $5 per day." It was shown in testimony that during the years 1897 and 1898 it was customary in that locality to perform twenty days' work, and count it $100.

If the local law is to be absolutely upheld, appellants should prevail in this action; otherwise, not.

The statutes of the United States on the particular subject is as follows, to-wit: "The miners of each mining district may make regulations not in conflict with the laws of the United States, or with the laws or the state or territory in which the district is situated, governing the location, manner of recording, amount of work necessary to hold possession of a mining claim, subject to the following requirements: * * * On each claim located after the 10th of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year." Rev. Stat. U. S. § 2324.

The proof on the part of the plaintiffs in this case was that they had performed twenty days' work on the claim, which, according to the rate fixed by the local "mining association," would amount in the aggregate to $100, the required amount of labor. On the

part of the defendant, the labor performed was shown to have been really worth an amount greatly less than $100, to have been worth not exceeding $10. No effort was made to prove otherwise, except by the rate established by the mining association, which, of course, was an arbitrary rate.

The case of *Bradley* v. *Lee,* 38 Cal. 362, is cited by appellants in support of their contention that a rate fixed by the local miners' association is absolutely controlling. Quoting from the syllabus in that case, the court said: "The true interpretation of the mining usage in the county of Nevada is that work to the value of $100, or twenty days of faithful labor performed on a claim or on any one of a set of adjoining and contiguous claims owned by the same party, is sufficient to hold the same for one year." It will be seen that the labor must really and actually be of the value of $100, and not merely to be counted as $100. In the case at bar the proof fails to show that the labor was really worth $100, or anything like it. The work done was therefore not that required by statute, and the claim on that account was in conflict with the laws of the United States. The regulations established by the miners' association did not, of themselves, render the claim void, but the condition upon which a patent would issue was never performed.

Judgment affirmed.